UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MORDY'S APPLIANCE REPAIR SERVICE
LLC,

                        Plaintiff,                       17-cv-5376 (PKC)

          -against-

                                      OPINION AND ORDER

AMAZON SERVICES LLC,

                        Defendant.
----------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff Mordy's Appliance Repair Service LLC ("Mordy's Appliance") provides

appliance repair services.  (Amended Complaint ("AC") ¶ 21).  It does not allege that it currently

sells any products.  It purports to have an "initial business plan . . . to sell" on Amazon.com, the

website operated by defendant Amazon Services LLC ("Amazon"), unspecified "appliance

parts/accessories and consumer electronics/accessories" that it has purchased from other retailers

at "deep discount."  (AC ¶¶ 23, 25, 80).  Mordy's Appliance, however, has not implemented this

plan because it fears that if it sells its unspecified products on Amazon.com, another seller of that

unspecified product will file a false complaint with Amazon that asserts that Mordy's

Appliance's products are "counterfeit or otherwise unlawful."  (AC ¶ 25).  Mordy's Appliance is

concerned that if a competing seller makes such a complaint, Amazon will remove Mordy's

Appliance's product from Amazon.com even though the product is not counterfeit or otherwise

unlawful or improper to sell.  (AC ¶¶ 26, 29).  It alleges that Amazon's stated reason for

removal—that the removed products are counterfeit or otherwise unlawfully or improperly

sold—is pretextual.  (E.g., AC ¶¶ 20, 57, 170).  The real reason, according to Mordy's

Appliance, is that Amazon has entered into agreements with certain "favored brands and sellers" to eliminate competition. (AC ¶ 163; accord AC ¶¶ 20, 43, 47, 48a).

To assuage its fears, Mordy's Appliance asked Amazon by email and letter if Amazon would "agree with [Mordy's Appliance] to allow [its] listings to remain listed unless and until, which would never happen, a complaining seller or purchaser proves, and Amazon examines [Mordy's Appliance's] product in Amazon's own fulfillment center, that a product held under [Mordy's Appliance's] account is really illegal, which would never happen." (AC ¶ 26). After Amazon did not respond, Mordy's Appliance filed this suit, asserting that Amazon's purported agreements with favored brands and sellers violates section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. (AC at p. 1; AC ¶¶ 28, 136–77). It seeks broad injunctive relief "[n]ullifying all brand and product restrictions now in force . . . unless and until Amazon shows good cause, on a case by case basis, for the maintenance of such restrictions, including a showing that a given restriction was" unilateral and "not established in concert with [other Amazon.com sellers and brands]." (AC at p. 62). Mordy's Appliance also requests treble damages for the lost profits that it believes it would have made if it had elected to sell its products on Amazon.com. (AC at p. 62; AC ¶ 134). Amazon moved to dismiss, asserting, among other things, that Mordy's Appliance lacks standing. (Doc. 22). The Court agrees, and Amazon's motion will be granted.

Article III predicates the federal courts' adjudicatory power on the presence of standing, an inherent element of the "case-or-controversy requirement." Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). Absent standing, federal courts lack subject matter jurisdiction over the suit. See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 104 (2d Cir. 2008). At its "irreducible constitutional minimum," standing

requires that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

The Court's task at the pleading stage is to determine whether a plaintiff has "allege[d] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017) (second alteration in original) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016)). The Court "accept[s] as true all material allegations of the complaint . . . and construe[s] the complaint in favor of the complaining party." W.R. Huff, 549 F.3d at 106 (quoting United States v. Vazquez, 145 F.3d 74, 81 (2d Cir. 1998)).

Mordy's Appliance challenges Amazon's alleged "exclusionary practices" that led Mordy's Appliance to refrain from selling products on Amazon.com, purportedly resulting in $1,800 of lost profits each month. (AC ¶ 133). It does not, however, have standing to challenge these purported exclusionary practices because a plaintiff "cannot manufacture standing merely by inflicting harm on [itself] based on [its] fears of hypothetical future harm that is not certainly impending." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013).

Amazon did not prevent Mordy's Appliance from selling products on Amazon.com. Rather, as Mordy's Appliance alleges in the Amended Complaint, it "was a virtual certainty" that Amazon would have allowed Mordy's Appliance to sell products on Amazon.com. (AC ¶ 25). Moreover, "all of [Mordy's Appliance's] anticipated product offerings fall within 'open categories,' [which] generally requir[e] no specific approval prior to listing the products." (AC ¶ 23). Mordy's Appliance elected not to sell products on

Amazon.com because it lacked "a reasonable comfort level that Amazon would not wrongfully remove [its] . . . product listings."  (AC ¶ 29).

This hypothetical future harm—the wrongful removal of a product—upon which Mordy's Appliance based its decision to refrain from selling its unspecified products on Amazon.com is far from a "certainly impending" harm.  It will not occur unless, at a minimum, (1) Mordy's Appliance decides to sell products, (2) it elects to sell those products on Amazon.com, (3) it sells a product that a "favored seller" also sells or that is manufactured by a "favored brand," (4) the favored seller or brand files a false complaint with Amazon asserting that Mordy's Appliance is counterfeiting or otherwise unlawfully or improperly selling the product, and (5) Amazon agrees with the favored seller or brand to remove Mordy's Appliance's product, a removal which Mordy's Appliance alleges "may or may not" happen.  (See AC ¶¶ 10, 97, 163).

This hypothetical future harm "relies on a highly attenuated chain of possibilities" and "does not satisfy the requirement that threatened injury must be certainly impending."[1] Clapper, 568 U.S. at 410.  As a result, "[a]ny ongoing injuries that respondents are suffering are not fairly traceable to [Amazon's purported exclusionary practices]."  Id. at 416.

Amazon's motion to dismiss the Amended Complaint for lack of subject matter jurisdiction is GRANTED.  (Doc. 22).

---

[1] For this reason, to the extent that Mordy's Appliance predicates standing on this hypothetical future harm, it also lacks standing.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 n.2 (1992) (holding that there is no injury-in-fact "when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control").

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
         July 31, 2018