**MANDATE**

18-2307

Mordy's v. Amazon Services LLC

N.Y.S.D. Case #
17-cv-5376(PKC)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand nineteen.

PRESENT:

      AMALYA L. KEARSE,
      JOHN M. WALKER, JR.,
      DENNIS JACOBS,
           Circuit Judges.

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 21 2019

**MORDY'S APPLIANCE REPAIR SERVICE LLC,**

      Plaintiff–Appellant,

      -v.-                                                                               18-2307

**AMAZON SERVICES LLC,**

      Defendant-Appellee.

_____

FOR PLAINTIFF-APPELLANT:  Mark Schlachet, Law Offices of Mark Schlachet, Cleveland, OH.

FOR DEFENDANT–APPELLEE:  John E. Schmidtlein, Jonathan B. Pitt, Williams & Connolly LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mordy's Appliance Repair Service LLC ("Mordy's") is an appliance repair company that alleges it has a business plan to sell appliance parts on Amazon.com, the website operated by the defendant, Amazon Services LLC ("Amazon"). Mordy's does not currently sell anything on Amazon.com; rather, Mordy's alleges that it was prevented from opening an online store on Amazon.com because of Amazon's anticompetitive treatment of disfavored sellers. The United States District Court for the Southern District of New York (Castel, <u>J</u>.) dismissed the complaint, concluding that Mordy's lacked standing because it failed to allege an injury-in-fact. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

"The existence of standing is a question of law that we review *de novo*." <u>Shain v. Ellison</u>, 356 F.3d 211, 214 (2d Cir. 2004). The "irreducible constitutional minimum of standing" requires that "the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal citations, footnote, and quotation marks omitted).

Mordy's concedes that it is free to open a store on Amazon.com, and that it is a "virtual certainty" that Amazon would have accepted Mordy's as a third-party seller if Mordy's had signed Amazon's standard Business Services Agreement ("BSA"). App'x 27. Mordy's also concedes that, since it has never offered any products for sale on Amazon.com, it has not suffered an injury from

2

Amazon's alleged anticompetitive conduct as an *actual* competitor in the marketplace.   Mordy's claims an injury-in-fact because it is a *potential* competitor that was prevented from entering the marketplace by Amazon's anticompetitive conduct.   Mordy's alleges that the BSA permits Amazon to take down products from third-party stores in its "sole discretion," App'x 18, and that Amazon unilaterally removes sellers from its website based on unsubstantiated and false complaints that the sellers are offering counterfeit products, allegedly as part of an anticompetitive scheme to prop up sales for its own products and for products of favored sellers.

   As the district court properly concluded, this "hypothetical future harm . . . upon which Mordy's Appliance based its decision to refrain from [signing the BSA] and selling its unspecified products on Amazon.com is far from a 'certainly impending' harm."   App'x 13.   Mordy's references a handful of third-party sellers whose stores were allegedly wrongfully closed by Amazon, but Mordy's has not alleged that it intends to sell any of the products or brands that have been targeted; nor has it alleged any other concrete, non-speculative reason to suspect that its store would be subject to false reports of counterfeit products, or that Amazon would wrongfully act on those false reports.   These allegations of potential, future harm are too speculative to confer standing.   See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013) ("[A plaintiff] cannot manufacture standing merely by inflicting harm on [itself] based on [its] fears of hypothetical harm that is not certainly impending."); Lujan, 504 U.S. at 564 n.2 (no injury-in-fact where "the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control").

   Mordy's also argues that Amazon prevented it from joining the marketplace by rejecting a change to the BSA, proposed by Mordy's in a letter to Amazon when it was contemplating joining the marketplace:

> Will Amazon agree with me to allow my listings to remain listed unless and until, which would never happen, a complaining seller or purchaser proves, and Amazon examines my product in Amazon's own fulfillment center, that a product held under my account is really illegal, which would never happen?

App'x 28.   Mordy's alleges that Amazon's failure to respond to this proposal

3

"raises an inference of conspiratorial anticompetitive conduct," Appellant's Br. 18 (internal quotation marks omitted), because Amazon would have provided a "good faith response" if it had a non-anticompetitive reason for rejecting the request, Appellant's Reply Br. 3. This argument lacks plausibility: there are innocent reasons why Amazon may have failed to respond to a unilateral demand to add undertakings to its standard contract. Moreover, as discussed above, any threat of wrongful takedowns was too conjectural to support an assertion that Mordy's was prevented from entering the marketplace because Amazon did not respond.

Mordy's has failed to demonstrate that it suffered an injury-in-fact as a result of Amazon's allegedly anticompetitive conduct.

We have considered the plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe* [signature with Second Circuit seal]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*Catherine O'Hagan Wolfe* [signature with seal]

4